**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| CERTAINTEED CORPORATION, )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PINNACLE BUILDING  )<br>SOLUTIONS, INC., RAYMOND  )<br>G. KUSSRO, JR., and ERIC  )<br>PHILLIPS,  )<br>)<br>Defendants.  )<br>_____) | Civil Action No. 3:07-72-CMC-BM<br><br>**REPORT AND RECOMMENDATION** |

This action was filed by the Plaintiff alleging breach of contract by the Defendant Pinnacle Building Solutions, Inc., and to enforce guarantee agreements signed by the Defendants Kussro and Phillips. The Defendant Phillips filed a pro se answer on March 8, 2007, and the Defendant Kussro filed a pro se answer on March 28, 2007. The corporate Defendant has never filed any responsive pleadings in the case.

The Plaintiff filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 14, 2007. As the two natural Defendants are both proceeding pro se, a Roseboro order was entered by the Court on August 16, 2007 advising these Defendants of the importance of a motion for summary judgment and of the need for them to file an adequate response. Defendants were specifically advised that if they failed to respond adequately, the Plaintiff's motion may be granted.

The Defendant Phillips thereafter filed a document opposing Plaintiff's motion on

1

August 22, 2007.[1] The Defendant Kussro never filed any material in opposition to the motion. Plaintiff's motion is now before the Court for disposition.[2]

### **Discussion**

Plaintiff alleges in its Complaint that the Defendant Pinnacle Building Solutions executed a credit application on September 8, 2004 in which the Plaintiff agreed to sell products to the Defendant on account, with the Defendant to pay for said products under the terms and conditions contained therein. See Complaint, Exhibit A (Credit Application). Plaintiff alleges that it thereafter sold and delivered building materials to the Defendant in the amount of $114,956.81, but that the Defendant Pinnacle Building Solutions has failed and refused to make payment for these items in breach of its contractual obligations. Plaintiff alleges that it has demanded payment, but that the Defendant has failed and refused to make payment thereof. Plaintiff alleges that it is therefore entitled to judgment against the Defendant Pinnacle Building Solutions in the amount of $114,956.81, with interest thereon as provided in the credit application from December 9, 2005, plus all costs, expenses and reasonable attorney's fee.

Plaintiff further alleges that on or about September 22, 2004, in order to induce the Plaintiff to sell products to the Defendant Pinnacle Building Solutions, the Defendants Kussro and

---

[1] The Roseboro order sent to Phillips was returned as undeliverable, although the address shown in the Court's file apparently remains his address since Phillips received the motion for summary judgment itself, prompting his response. The docket sheet for the case reflects that the Clerk's office called and left a message on Phillips' answering machine on August 28, 2007, requesting that he call the Court and verify his address, but that no further communication has been received from Mr. Phillips.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Plaintiff has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



Phillips executed continuing personal guarantees of any balance owed or to be owed by Pinnacle Building Solutions. See Complaint, Exhibits B (Kussro Guarantee) and C (Phillips Guarantee). Plaintiff alleges that it has demanded that Kussro and Phillips make payment of the balance due by Defendant Pinnacle Building Solutions under the guarantee contracts, but that both natural Defendants have failed and refused to make payment of the said indebtedness.

Plaintiff has attached to its Complaint an affidavit from Jeffrey Rantz, who attests that he is an authorized agent of the Plaintiff and has personal knowledge of the account and the balance owed by the Defendant Pinnacle Building Solutions. Rantz attests that on September 8, 2004 Pinnacle Building Solutions executed its credit application attached as Exhibit A, that on September 22, 2004 Raymond Kussro and Eric Phillips executed continuing personal guarantees for any balances owed or to be owed by Pinnacle Building Solutions, attached as Exhibits B and C, and that pursuant to these agreements Plaintiff has sold and delivered building materials to Pinnacle Building Solutions in the amount of $114,956.81, for which Pinnacle Building Solutions has failed and refused to make payment. Rantz further attests that Plaintiff has fully performed all conditions and obligations precedent to Pinnacle Building Solutions' obligation to perform under its contract, and that Plaintiff has demanded that Kussro and Phillips make payment of the balance due by Pinnacle Building Solutions under their guarantee contracts, but that both have failed and refused to make payment of said indebtedness. Rantz attests that the Defendants are jointly and severally indebted to the Plaintiff in the principal sum of $114,956.81, with interest thereon from December 9, 2005. See Rantz Affidavit, with attached Exhibits.

As part of Plaintiff's motion for summary judgment, Plaintiff's counsel has submitted an affidavit wherein he attests that on April 10 and 11, 2007 he served the Defendants Phillips and

3



Kussro, respectively, requests for admissions, attached as Exhibits A and B to his affidavit, but that as of August 14, 2007 Plaintiff had received no responses from the Defendants to the said requests for admissions. Plaintiff argues that when properly served requests for admissions are not responded to within thirty (30) days of service, the matters are deemed admitted by the party upon whom they were served. See Rule 36, Fed.R.Civ.P. Plaintiff further craves reference to the affidavit of Jeffery Rantz establishing the indebtedness of the Defendants as of December 9, 2005, with interest accumulating from that date.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Plaintiff argues in its motion that since the Defendant Pinnacle Building Solutions has failed to respond to the Complaint, it is entitled to a default judgment against said Defendant for the amount established by the evidence submitted. As for the Defendants Kussro and Phillips, Plaintiff notes that in request for admission No. 14 to each natural Defendant, they were asked to admit that they signed the personal guarantee at issue, and that in request for admission No. 15 they were asked to admit that they did not notify the Plaintiff of any intention to withdraw the personal guarantee or otherwise limit its terms. Plaintiff argues that by failing to respond to these requests, they are conclusively deemed to have been admitted and established for purposes of this litigation, and requests that judgment be entered against the natural Defendants in the amount of $114,956.81, with interest accumulating from December 9, 2005 to the date of the entry of judgment.

Under Rule 56, the moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party



must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.   As correctly noted by the Plaintiff, the Defendant Pinnacle Building Solutions, Inc., has failed to file a responsive pleading in this matter, despite having been served with process as is shown by the certificate of service filed with the Court (Court Docket No. 20). Therefore, Plaintiff is entitled to summary judgment and to entry of a default judgment against this Defendant in the amount of $114,956.81, with interest accruing thereon as of December 9, 2005. Plaintiff's counsel should further be instructed to file an affidavit of fees and costs for consideration by the Court. See Rule 55(b)(2), Fed.R.Civ.P.

With respect to the Defendant Kussro, this Defendant has failed to file any response to the Plaintiff's motion for summary judgment, or to the Plaintiff's evidence showing service upon him of requests for admissions and his failure to respond thereto. Pursuant to Rule 36(a), Fed.R.Civ.P., these admissions are deemed to have been admitted unless the party to whom the admissions are directed serves upon the party requesting the admission a written answer or objection. Therefore, in the absence of any response by this Defendant, the only evidence before the Court is the evidence showing that Plaintiff's requests for admission were served on this Defendant, and that the Defendant failed to respond. These requests for admission are therefore deemed to have been admitted by Rule, and Kussro has otherwise failed to respond to Plaintiff's evidence showing the amount due and owing. Plaintiff is therefore entitled to judgment against this Defendant in the amount of $114,956.81 with interest thereon as of December 9, 2005.

Finally, with respect to the Defendant Phillips, this Defendant has filed a response to the motion for summary judgment in which he states that he did in fact respond to Plaintiff's interrogatories and other production requests by certified mail, and that he has enclosed copies of



5

both his original letter and the certified mail receipts. Phillips further argues in his response that he never signed a personal guarantee to the Plaintiff, and that any signature bearing his name on such a document is a forged document signed by someone in South Carolina. Attached to Phillips' response is a copy of a "to whom it may concern" correspondence dated May 21, 2007 in which Phillips denies ever having signed a personal guarantee, as well as copies of certified mail receipts.

The Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). Although Phillips' response to Plaintiff's discovery requests was not in the form normally indicated for responses to such requests, in light of this Defendant's pro se status and the liberal construction to which his pleadings and other filings are to be treated by the Court, the undersigned does not find that it would be appropriate to hold him in default for having failed to respond to Plaintiff's requests for admission, since there is at least a material issue of fact as to whether he did in fact respond to those requests. See also, Rule 36(b), Fed.R.Civ.P.   Therefore, Plaintiff is not entitled to summary judgment against the Defendant Phillips.

**Conclusion**

Based on the foregoing, it is recommended that a default judgment be entered against the Defendant Pinnacle Building Solutions, Inc., in the amount of $114,956.81, with interest to accrue thereon as of December 9, 2005. Plaintiff's counsel should further be required to submit an affidavit of fees and costs for consideration by the Court. It is also recommended that Plaintiff's motion for summary judgment with respect to the Defendant Kussro be **granted**, and that judgment be entered against this Defendant in the amount indicated.

6



Finally, it is recommended that the Plaintiff's motion for summary judgment against the Defendant Phillips be **denied**.

The parties are referred to the Notice Page attached hereto.

                                                        Bristow Marchant
                                                       United States Magistrate Judge

Columbia, South Carolina

September 27, 2007

7



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8

