IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Certainteed Corporation, | ) | C/A NO. 3:07-72-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Pinnacle Building Solutions, Inc., | ) | |
| Raymond G. Kussro, Jr., and Eric Phillips, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's complaint, filed in this court pursuant to this court's diversity jurisdiction, asserting breach of contract against Pinnacle Building Solutions, Inc. ("Pinnacle"). The complaint also seeks to enforce guaranty agreements allegedly signed by Defendants Raymond G. Kussro, Jr. ("Kussro") and Eric Phillips ("Phillips"). Kussro and Phillips filed answers *pro se* in this case; Pinnacle was served with the summons and complaint in this matter through its registered agent but has not answered or otherwise appeared in this matter. Pinnacle therefore appears to be in default.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On September 27, 2007, the Magistrate Judge issued a Report recommending that default judgment be entered against Pinnacle in the amount sought and that Plaintiff's summary judgment motion be **granted** as to Kussro and **denied** as to Phillips. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences of a failure to do so. No objections to the Report have been filed and the time for doing so has expired.

On November 14, 2007, this court ordered Plaintiff to respond to Phillips' challenge to this court's personal jurisdiction over him.[1] Plaintiff was to respond to the motion by Friday, November 30, 2007. The court indicated that failure to respond to the motion would result in the dismissal of Phillips from this action. Plaintiff has not responded; therefore, **Defendant Eric Phillips is dismissed from this action without prejudice.**

As to the Report and Recommendation, the Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

---

[1] Phillips' *pro se* answer contends that he neither has ties to nor has committed acts in South Carolina which would subject him to the jurisdiction of this court. Plaintiff did not respond to Phillips' jurisdictional challenge. Plaintiff's asserted basis for this court's jurisdiction over Phillips is that "Defendant Eric Phillips generally operates in the Columbia Division of this court," Answers to L.R. 26.01 Interr. at 2 (Dkt. # 3, filed Jan. 8, 2007). However, Phillips specifically challenged any connection to this forum in his answer.

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court adopts in part the Report of the Magistrate Judge.

**STATUS OF PARTIES**[2]

Plaintiff is a Delaware corporation with its principal place of business in Pennsylvania. Complaint at ¶ 1 (Dkt. # 1, filed Jan. 8, 2007). Pinnacle is a South Carolina corporation, with its principal place of business in Richland County, South Carolina. *Id.* ¶ 2. Defendant Kussro is a citizen and resident of South Carolina.[3] *Id.* at ¶ 3.

Pinnacle was served with the summons and complaint in this action through its registered agent for service on March 13, 2007.[4] Return of Service (Dkt. # 20, filed Apr. 18, 2007). Kussro was also served on March 13, 2007.

On March 28, 2007, Kussro filed an answer *pro se*, admitting that he had executed a guaranty in favor of Plaintiff (Kussro Ans. ¶ 17) and admitting that he had not made payment based upon the guaranty (*id.* ¶ 18), but denying that Plaintiff had demanded payment, and asserting unenforceability of the contract, or, in the alternative, that Plaintiff's damages be limited to $30,000 based upon alleged statements of Plaintiff at the time the guaranty was executed. *See* Answer at ¶¶ 17-23 (Dkt. # 16, filed Mar. 28, 2007). Kussro also denies having received copies of the attachments to the complaint.

---

[2] As Phillips has been dismissed from this matter, the remaining parties to this action are Pinnacle and Kussro.

[3] Kussro's answer denies the complaint's allegations that he is a resident of Richland County, South Carolina. *See* Answer at ¶ 3 (Dkt. # 16, filed Mar. 28, 2007). This does not, however, affect this court's ability to exercise its jurisdiction over Kussro.

[4] Pinnacle's agent for service appears to be Kussro.

Pinnacle has not answered or otherwise appeared in this matter. Therefore, Plaintiff's allegations are deemed admitted as to Pinnacle only.

On April 10, 2007, Plaintiff served Kussro with certain discovery requests, including Requests for Admission. Kussro did not respond to these discovery requests. Therefore, these Requests for Admission are deemed admitted.

On August 14, 2007, Plaintiff moved for summary judgment in this matter. Plaintiff contends that it is entitled to default judgment against Pinnacle in the amount of $114,956.81, with interest accruing according to the terms of the "credit application contract," Complaint ¶ 14, together with costs, fees, and reasonable attorneys' fees. Additionally, Plaintiff's motion contends that Kussro is liable to Plaintiff for this same amount, based upon binding guaranty agreements this defendant executed in support of the "credit application contract."

As noted above, Kussro is proceeding *pro se* in this matter. Therefore, the Magistrate Judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), apprising Kussro of the advisability of and requirements for responding to a motion for summary judgment. Kussro did not respond to the motion for summary judgment.

### SUMMARY JUDGMENT – KUSSRO

Plaintiff's motion for summary judgment does not include a certificate evidencing its service on Kussro. "Civil Rule 5(a) requires that service be made on all parties not in default of 'every pleading subsequent to the original complaint unless the court otherwise orders,' including all papers relating to discovery, motions, notices, designation of record on appeal, and other 'similar paper[s].'" *Thompson v. Greene*, 427 F.3d 263, 269 (4th Cir. 2005) (quoting Rule 5(a), Fed. R. Civ. P.).

Kussro is proceeding *pro se* in this court. This Court's Policies and Procedures relating to Electronic Case Filing require that "[p]ro se parties . . . shall be served with electronically-filed documents through *Traditional Service* [a defined term]. . . . Proof of such service *shall be* electronically filed with the court within (1) business day after the electronic filing of the document." ECF Policies and Procedures § 11.2.2 (May 2006) (emphasis added). Although the Magistrate Judge's *Roseboro* order was notice to Kussro that a dispositive motion had been filed by Plaintiff, the *Roseboro* order does not relieve Plaintiff of its responsibility under the Rules. Plaintiff must file an affidavit of service evidencing when this motion was served upon Kussro within one business day of the filing date of this order.

Kussro's answer contends that Plaintiff's damages should be limited to $30,000 based upon representations allegedly made by Plaintiff to induce Kussro to execute the guaranty. However, Plaintiff's summary judgment motion contends the entire amount is due and owing, which is an indirect response in opposition to Kussro's argument that damages should be limited. Kussro's failure to respond to a properly served motion for summary judgment would not only be a bar to his assertion of the limitation of damages, but also to the enforceability of the contract. The court will address Plaintiff's motion for summary judgment against Kussro at the hearing on default judgment (date set below).

5

**SUMMARY JUDGMENT – PINNACLE**

Plaintiff's summary judgment motion seeks "default judgment" against Pinnacle for the total amount of damages alleged in its complaint, including interest accruing according to the terms of the "credit application contract," together with costs, fees, and reasonable attorneys' fees.

The complaint alleges that "[p]ursuant to the credit application contract between the parties, [Pinnacle] has agreed to pay interest on its obligation to the Plaintiff . . . ." Complaint at ¶ 14. However, the credit application, attached to the complaint, contains no reference to interest.

**The Clerk shall enter default as to Pinnacle**. Plaintiff shall produce proof of interest due, together with proof of costs, fees, and reasonable attorneys' fees, at a default judgment hearing, set for **Thursday, December 13, 2007 at 11:30 a.m.** in Courtroom #2, Matthew J. Perry, Jr. United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201. Plaintiff shall serve defendants Kussro and Pinnacle with a copy of this order and provide such proof of service at the hearing.

**CONCLUSION**

Defendant Eric Phillips is dismissed from this action without prejudice.

Plaintiff shall, within one business day of the filing date of this order, file an affidavit of service with this court evidencing when and by what method its motion for summary judgment was served on Kussro.

The Clerk shall enter default as to defendant Pinnacle. A hearing on default judgment is set in this matter for **Thursday, December 13, 2007 at 11:30 a.m.**

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 4, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\07-72 Certainteed Corp. v. Pinnacle dism Phillips default Pinnacle set hearing.wpd

7